Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
317 East Spruce Street
P.O. Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| GWYENN BROWN | ) |
| | ) |
| Plaintiff, | )   **COMPLAINT and** |
| | )   **JURY DEMAND** |
| v. | ) |
| | ) |
| JUSTIN ANDREWS, MISSOULA COUNTY, and | ) |
| DOES 1-10. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## INTRODUCTION

1. This is an action for deprivation of civil rights under color of law and other wrongful acts. This action arises out of both federal and state law for damages resulting from the unlawful conduct of Defendants.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the claims specified in this Complaint pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1343, and 42 U.S.C. §1983.

3. Jurisdiction for state law claims against all Defendants pursuant to the law of the State of Montana is conferred upon this Court pursuant to 28 U.S.C. §1367.

4. Venue in this case is proper under 28 U.S.C. §1391 and LR 3.2. Missoula County is located in the Missoula Division of the United States District Court for the District of Montana. The events giving rise to the claims in this case occurred in this judicial district.

5. Because Plaintiff makes no allegations against the State of Montana, pursuant to MCA §2-9-301, she is not required to file administrative claims against Missoula County prior to filing this action.

## THE PARTIES

6. Plaintiff Gwyenn Brown is a citizen of the State of Montana who was incarcerated at the Missoula County Detention Center in 2023 and 2024.

7. Defendant Justin Andrews is a citizen of the State of Montana and a resident of Missoula County, Montana.

8. Defendant Missoula County is a political subdivision of the State of Montana.

9. Defendants Does 1-10 are individuals whose true identities and capacities are as yet unknown to Plaintiff and her counsel, despite diligent inquiry and investigation, and who acted herein as described more particularly below in

connection with the breaches of duties and/or violations of law alleged here and who in some manner or form not currently discovered or known to Plaintiff may have contributed to or be responsible for the injuries alleged here. The true names and capacities of the Doe Defendants will be substituted as they become known.

## FACTUAL ALLEGATIONS

10. Gwyenn Brown was incarcerated at the Missoula County Detention Center for several months in 2023 and 2024.

11. At all times relevant to this lawsuit, Justin Andrews was employed as a correctional officer at the Missoula County Detention Center.

12. While she was incarcerated, Missoula County Detention Officer Justin Andrews coerced Brown into a sexual relationship.

13. Pursuant to MCA §45-5-502, Brown was legally incapable of consenting to a sexual relationship with Justin Andrews.

14. Pursuant to MCA §2-9-305, Missoula County is responsible for the immunization, defense, and indemnification of the acts of Justin Andrews as alleged in this Complaint.

15. Montana adopted the Restatement (Second) of Agency § 214 in *Paull v. Park County*, 218 P.3d 1198 (Mont. 2009), which defines a "nondelegable duty."

16. Missoula County has a non-delegable duty to indemnify the acts of Justin Andrews in coercing Brown into a sexual relationship.

17. At all relevant times, Missoula County failed and/or refused to adequately train and/or supervise deputies, officers, and employees in the reasonable and appropriate means and methods of supervising inmates in the custody of Missoula County.

18. As a direct and proximate result of Defendants' conduct as alleged here, Brown is entitled to recover for her damages.

19. At all relevant times, Defendants' patrol, supervision, and monitoring policies, customs, practices, and/or procedures were so deficient, inadequate, and/or unreasonable that violations of Constitutional rights to inmates like Brown were certain and likely to – and in fact did – occur.

## COUNT 1
## 42 USC § 1983

20. Plaintiff hereby incorporates all prior paragraphs.

21. At all times in which he interacted with Brown while she was incarcerated at Missoula County Detention Facility, Andrews acted under color of law, statutes, ordinances, rules, regulations, customs, policies, practices, and/or usages of Missoula County, and acted within the course and scope of his employment with Missoula County.

22. Andrews deprived Brown of her civil rights under the Fourth Amendment, Fourteenth Amendment, and Eighth Amendment.

23. While acting under the color of state law, Andrews subjected Brown to deprivation of rights, privileges, or immunities secured by the United States Constitution, namely that Andrews coerced Brown in a sexual relationship.

24. The acts and omissions of Andrews, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons or property, or ensuring civil order. The above acts and omissions were consciously chosen from among various alternatives.

25. Each of the foregoing acts and/or omissions in this Count directly and proximately caused or contributed to Brown's constitutional deprivations, injuries, and damages. Brown suffered and will continue to suffer anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Brown to sustain damages in a sum to be determined at trial.

## COUNT 2
## MONTANA CONSTITUTIONAL RIGHTS

26. Plaintiff hereby incorporates all previous paragraphs.

27. Pursuant to the Montana Constitution, *see Dorwart v. Caraway*, 58 P.3d 128 (Mont. 2002), Brown has the fundamental, inalienable, and self-executing rights to individual privacy; to be secure in her person, papers, home, and effects from unreasonable searches and seizures; and not to be deprived of life, liberty, or property without due process of law.

28. Andrews' acts and omission related to Brown violated Brown's constitutional rights.

29. Brown has the right to seek recourse against those who violate her constitutional rights.

30. Each of the foregoing acts and/or omissions in this Count directly and proximately caused or contributed to Brown's constitutional deprivations, injuries, and damages, and Brown is entitled to compensatory damages and attorneys' fees for Defendants' violations of her state constitutional rights.

## COUNT 3
## NEGLIGENCE

31. Plaintiff hereby incorporates all previous paragraphs.

32. At all times pertinent to this Complaint, Defendants were subject to a duty of care under state law in the exercise of the police function to protect Brown's

constitutional, statutory, and common law rights. The conduct of Defendants as set forth in this Complaint does not comply with the standard of care, and included negligent training and supervision of correctional officers; negligent enactment, enforcement, and violation of correctional policies and procedures; negligent violation of Brown's constitutional, statutory, and common law rights; and negligent performance of official duties.

33. Andrews acted in violation of the duties of care expected of a correctional officer.

34. As a direct and proximate result of Defendants' negligence and violations of the duties of care, Brown suffered injuries.

## COMPENSATORY DAMAGES

35. As a direct result of Defendants' unlawful conduct, Brown suffered violations of her constitutional rights as set forth above.

36. As a direct and proximate result of Defendants' unlawful conduct, Brown suffered physical and emotional pain and injuries.

## ATTORNEYS' FEES

37. Pursuant to 42 USC §1988, the Court may allow an award of attorneys' fees to Brown if she prevails on claims asserted under 42 USC §1983.

38. Brown is entitled to recover reasonable attorneys' fees for violations of state constitutional rights under Montana's private attorney general doctrine.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

## RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to grant the following relief:

1. For damages in a reasonable amount to compensate Brown fully for deprivation of her constitutional rights;

2. For damages in a reasonable amount to compensate Brown fully for all injuries;

3. For declaratory and injunctive relief;

4. For attorneys' fees pursuant to 42 USC § 1988;

5. For reimbursement of costs and expenses of suit; and

6. For such further relief as the Court deems fair and just.

Dated this 23rd day of December, 2024.

/s/Timothy M. Bechtold
BECHTOLD LAW FIRM

Attorneys for Plaintiff